**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEBRA S. SACK,**

                **Plaintiff,**

**-vs-**                                                                    **Case No. 6:13-cv-900-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**
_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for Disability Insurance Benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED**.

## Procedural History

Plaintiff filed an application alleging she became disabled on July 16, 2009, later amended to January 1, 2011 (R. 174, 205). The application was denied initially and on reconsideration, and Plaintiff sought and received an administrative hearing. The Administrative Law Judge ("ALJ") issued a decision on November 20, 2012, finding that Plaintiff was not disabled (R. 14-24), and the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to nerve damage, degenerative disc disease, high blood pressure, anxiety, and high cholesterol (R. 210).

*Summary of Evidence Before the ALJ*

Plaintiff was 50 years old at the time of the ALJ's decision (R. 24, 174), with a high school education and some college courses (R. 34), and past relevant work that includes bookkeeper, computer content coordinator, dispatcher for delivery and administrative assistant (R. 211).

The medical evidence relating to the pertinent time period is detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert ("the VE"), written forms and reports completed by Plaintiff, and opinions from state agency consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairment: degenerative disc disease status post surgery (20 CFR 404.1520(c)) (R. 16); and the record supports this uncontested finding. The ALJ determined that through the date of the decision, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 19). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform:

> less than sedentary work as defined in 20 CFR 404.1567(a). The claimant is capable of: occasionally lifting/carrying ten pounds; frequently lifting/carrying less than ten pounds; standing or walking two hours of an eight hour workday; and sitting six hours of an eight hour workday. The claimant cannot climb ladders/ropes/scaffolds. She is capable of occasionally climbing ramps/stairs, balancing, stooping, kneeling, crouching, and crawling. The claimant should avoid concentrated exposure to extreme cold, heat, wetness, humidity, and vibration. She should avoid concentrated exposure to moving machinery and unprotected heights. The claimant is limited to occasional balancing with a handheld assistive device or cane. The claimant should have the option to sit or stand at will, while remaining on task.

(R. 19).

The ALJ determined that Plaintiff is capable of performing past relevant work as a bookkeeper and dispatcher for delivery (R. 23). Alternatively, with the assistance of the VE, the ALJ found that other work existed in significant numbers that Plaintiff could perform (R. 23), and, therefore, the ALJ found Plaintiff was not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff objects to the weighing of the medical evidence and the evaluation of her credibility. Plaintiff's objections are addressed in the context of the five step evaluation sequence used by the

Commissioner. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Weighing the Evidence*

Plaintiff contends that the ALJ did not apply the correct legal standard to the opinion evidence in that she 1) did not state what weight she gave to the opinion of treating physician Dr. Amune and 2) gave more weight to the opinion of a non-examining doctor.

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Applied here, one of Plaintiff's treating providers, Dr. Amune, is a pain management physician and his treatment notes include various diagnoses and treatments (Pl. Br. at 8-9) which, under *Winschel*, are to be considered by the ALJ even though they are not formal "opinions."  In her administrative decision, the ALJ discussed the treatment notes of this physician in detail, including the following:

> Pain management records from Evans Amune, M.D. show the claimant continued to complain of back pain radiating into her legs after spinal cord stimulator implantation. On June 8, 2011, Dr. Amune referred the claimant back to Dr. Lavoie for an opinion regarding her ongoing back pain. (Exhibit 13-F). At the consultative psychological evaluation with Dr. Kirmani in July of 2011, the claimant displayed no particular abnormality of posture, gait, or involuntary movement. (Exhibit 10-F). On August 12, 2011, the claimant reported right foot and ankle swelling to Dr. Lavoie. Physical examination showed increased numbness of the right knee. There was also evidence of weakness of the dorsiflexors of the right ankle and toes, however, there was minimal effusion. The claimant had diffuse pain, tenderness, radiculopathy, numbness, and paresthesias running down her right lower extremity. Dr. Lavoie's impression was chronic lower back pain with sciatica and radiculopathy, worse on the right. He felt there was no futther surgical indication for her condition. (Exhibit 12-F).
> The claimant returned to Dr. Amune on November 3, 2011. At that time, she stated she had to "double up" on her prescription for Roxicodone to control her pain. On examination, the claimant had minimal tenderness in the lumbosacral junction. She did have pain over her incision/battery site. Dr. Amune prescribed a lidoderm patch to be used over the site. A subsequent CT scan showed a solid fusion and no explanation for

> her pain symptoms at the battery site. The claimant was treated with mobic and antidiuretic therapy. On March 8, 2012, she stated that her pain over the battery site had improved. In addition, she stated that her osteoarthritis symptoms and functioning had improved with mobic. (Exhibit 13-F).
>
> Most recently, on August 15, 2012, the claimant reported that her spinal cord stimulator gives variable relief. She explained sometimes she has 40 percent pain relief; at other times, she has 60-70 percent pain relief. The claimant also reported financial difficulties. On examination, there was tenderness in the lumbosacral junction. The claimant had pain with extension and lateral bending. Foraminal closure maneuver was negative, but the facet loading test was positive. She was continued on her pain medications. (Exhibit 17-F).

R. 20.

Although Plaintiff contends that the ALJ failed to give these opinions considerable weight and failed to account for the opinions in any of her findings, Plaintiff does not identify what "opinions" were not appropriately accounted for.   The ALJ credited Plaintiff's diagnosis with respect to her degenerative disc disease at step two; noted that no physician reported findings similar in severity to a listed impairment at step three (Doc. 19), and, to the extent Dr. Amure's notes reflect complaints of pain by Plaintiff, credited (in large measure) her reports of continued pain by adopting a RFC of less than sedentary work.  Plaintiff has not shown that Dr. Amure's records contain work related limitations which are inconsistent with or greater than those found in the RFC.

As this district recently noted:

> The rules and regulations require the ALJ to consider all the medical opinions and determine the weight to give to each of them. However, the Eleventh Circuit has found in unpublished cases that even though an ALJ does not explicitly state the weight he affords a medical opinion, if the opinion does not contradict the ALJ's findings, then this error is harmless. *Wright v. Barnhart*, 153 Fed. App'x. 678, 684 (11th Cir. 2005), *See also, Gorr v. Colvin*, 2013 WL 4855060, *6 (M.D.Fla. Sept. 11, 2013) (citing *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("An ALJ's failure to state with particularity the weight given different medical opinions is reversible error. When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citations omitted); *Miller v. Barnhart*, 182 F. App'x 959, 964 (11th Cir.2006) (recognizing harmless error analysis in the context of an ALJ's failure to address a treating source's opinion); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (providing that the ALJ's failure to indicate the weight given to certain physicians was harmless error because those opinions did not directly

> contradict the ALJ's findings); *see also Parton v. Astrue*, No. 3:07–CV–63–J–TEM, 2008 WL 897094 (M.D.Fla. Mar. 31, 2008) (finding ALJ's failure to address a treating physician's opinion was harmless error because fully crediting the opinion would not have changed the outcome)).

*Gilkeson v. Commissioner of Social Sec.*, No. 2:12–cv–657–FtM–38DNF, 2014 WL 982693, *7 (M.D. Fla. Mar. 12, 2014) (harmless error in ALJ failing to mention and assess the weight given to a state agency psychologist, where ALJ's findings were consistent with the opinion).

Here, even if the ALJ should have been more explicit, any error is harmless absent a showing that Dr. Amune found limitations greater than those acknowledged by the ALJ.

Next, Plaintiff claims that the ALJ erred in giving more weight to the opinion of a non-examining consultant than any other opinion. State agency physician Edmund Molis, M.D., found Plaintiff capable of occasionally lifting and carrying 10 pounds and frequently capable of lifting and carrying less than 10 pounds; she could stand or walk two hours and sit six hours in an eight hour day; she could occasionally climb, balance, stoop, kneel, crouch and crawl; and she should avoid concentrated extreme temperatures, wetness, vibration, and hazards (R. 22, 90-96, 551). Plaintiff contends that "the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician," citing *Broughton v. Heckler,* 776 F.2d 960, 961 (11th Cir. 1985), and notes that "the opinion of a non-examining physician is entitled to little weight and, taken alone, does not constitute substantial evidence to support an administrative decision," *Swindle v. Sullivant,* 914 F.2d 222, 226, n.3 (11th Cir. 1990). Upon review, no error is found.

Initially, the Court notes that the opinion of Dr. Molis was not "taken alone." The ALJ reviewed all of the evidence, including Plaintiff's testimony and reports of activities, the treatment notes detailed in the opinion,[1] and the results of the consultative mental examination. While the Court

---

[1] In addition to the review of the medical evidence excerpted above, the ALJ noted that "[p]hysical examinations reveal few abnormalities and her gait is within normal limits" (R. 21). The ALJ also noted that Plaintiff was diagnosed with opioid type dependence by one of her doctors and refused hospital admission. *Id.*

-7-

agrees that the opinion of a treating physician is generally entitled to more weight, the ALJ here noted and discounted the opinion of treating physician Dr. Ibrahim, and found Dr. Molis' opinion more consistent with the overall record as a whole and supported by credible medical evidence (R. 22). Although Plaintiff objects to this finding as vague, the conclusion follows the summary and analysis of the record and is supported by the cited evidence. Moreover, Plaintiff does not contest the ALJ's finding with respect to Dr. Ibrahim's opinion in her papers. The Court finds no reason to disturb the analysis of the medical evidence.

*Credibility*

When a claimant attempts to establish disability through subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that she has an impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c), (d), 416.929(c), (d); *Mack v. Commissioner of Soc. Sec.,* 420 Fed.Appx. 881, 883 (11th Cir. 2011).

After considering a claimant's subjective complaints, the ALJ may reject them as not credible. Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not

-8-

disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

> Here, the ALJ set forth detailed credibility findings:
>
> The undersigned finds that the claimant's testimony regarding her physical inability to work is not entirely credible in light of the medical evidence of record. The claimant testified to extreme limitations beginning in July of 2009. She stated that she cannot sit for any period of time, can lift only 1 pound, and can stand or walk only 5 minutes. This testimony is inconsistent with objective testing and the claimant's course of treatment. Physical examinations reveal few abnormalities and her gait is within normal limits. In addition, the claimant testified she stopped working when she was laid off, suggesting that her inability to work is not entirely related to her impairments. The claimant's credibility is further undermined by the receipt of unemployment benefits through the second quarter of 2011. (Exhibit 5-D). Receipt of unemployment is inconsistent with a claim for disability because one must certify that she is able to work and actively seeking work. Finally, the claimant's credibility regarding the limitations caused by her condition is questionable given the activities of daily living she reported being able to perform.
> The claimant testified that she is the main caregiver to her 12 year old daughter. Prior to changing schools, the claimant drove her daughter to and from school daily. Additionally, the claimant reported to Dr. Kirmani that she is able to shop in Wal-Mart, do household chores, prepare simple meals, and use the computer. (Exhibit 10-F).
>
> \*\*\*
>
> In reaching the conclusion that the claimant is capable of performing a reduced range of sedentary exertion work, the undersigned finds the claimant credible to the extent that she would experience some back pain. The residual functional capacity was reduced to accommodate these limitations, including the requirement that the claimant have the option to sit or stand. She also has postural and environment limitations. The claimant testified that she requires the use of a cane for ambulation. The undersigned notes that the claimant's physicians did not indicate that she used a cane or had a need for a cane. The claimant further testified that she sought an opinion from her physician specifically to prove that she needs to use a cane, and this prescription was obtained approximately 1 ½ months prior to her hearing, but years after her surgery. Giving the claimant the benefit of the doubt, the undersigned has further reduced the residual functional capacity to provide for the use of a cane. However, neither the objective medical evidence, nor the testimony of the claimant and her noted activities, establishes that her ability to function has been so severely impaired as to preclude all types of work activity.

(R. 21-23).

Plaintiff contends that the ALJ erred in this evaluation by not considering whether Dr. Amune's opinions supported her testimony and further contends that the credibility determination made here is not supported by substantial evidence. As noted above, the ALJ considered Dr. Amune's treatment records (there were no formal functional findings) and credited, to some point, her complaints of back pain. As for the reasons given for discrediting her complaints of disabling limitations, the ALJ identified several reasons, all of which are supported by substantial evidence.

Plaintiff argues that the ALJ's finding that physical examinations revealed few abnormalities is contradicted by objective testing which shows significant abnormalities. The Court sees no inconsistency. The ALJ acknowledged the results of objective testing (including a CT scan that showed a solid fusion and no explanation for her pain symptoms), but disability is based on functional limitations, not mere diagnoses. Despite the objective testing results which established the existence of an impairment, the ALJ's finding that Plaintiff presented with few *functional* abnormalities on physical exam is supported by the record. *See, e.g.,* R. 601 ("mood good and overall doing well"); R. 605-618 (Extremities show no cyanosis, clubbing, or edema, reflexes normal, gait within normal limits, overall doing well).

Plaintiff next contends that "there is no evidence of record showing that [Plaintiff] stopped working for any other reason than her impairments" (Pl. Br. at p. 14). As the ALJ stated, Plaintiff testified that her last employer was "starting to go bankrupt and they had to let me go." (R. 43). In reports to the agency, Plaintiff stated that she stopped working for "other reasons" because she was "laid off" (R. 210). Correspondence from her last employer confirms that she was "involuntarily terminated" (R. 299).

The other reasons given by the ALJ are also appropriate and supported by substantial evidence. In this district, an ALJ may consider the receipt of unemployment compensation as evidence in evaluating credibility. *See Boyd v. Astrue,* No. 3:10-cv-105-J-JRK, 2011 WL 1259795,

at *6-7 (M.D. Fla. Mar. 31, 2011); *Blaisdell v. Colvin*, No. 8:12-CV-01523-T-27, 2013 WL 2285107, at *8 (M.D. Fla. May 23, 2013); *Estelle v. Astrue*, No. 2:11-CV-337-FTM-99, 2012 WL 4369296 (M.D. Fla. Jul 31, 2012). Also, while the Eleventh Circuit has observed that participation in everyday activities of short duration, such as housework or fishing, does not disqualify a claimant from disability, *Lewis v. Callahan,* 125 F.3d 1436, 1441 (11th Cir. 1997), Plaintiff's activities were evaluated in the context of evaluating her credibility. This is permitted by the regulations. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) ("Factors relevant to your symptoms … which we will consider include: (i) Your daily activities…").[2]

Plaintiff is correct in her implicit contention that there is record evidence which, if credited, could support a different conclusion. The standard, however, is not whether the evidence is unanimous or could support another result; the standard is whether *this* result is supported by the law and more than a scintilla of evidence. The Court finds that the ALJ's findings with respect to Plaintiff's allegations of pain are so supported, and no error is found.

## Conclusion

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard

---

[2] Although Plaintiff claims the ALJ mischaracterized her testimony in that she stated she does these activities with difficulty or with help, no such limitation was mentioned in Plaintiff's reports to the consultative psychological examiner, cited by the ALJ (R. 21-22, 553-554).

is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

For the reasons set forth above, the administrative decision is **AFFIRMED**. The Clerk is directed to enter judgment accordingly, terminate all pending matters and close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 28, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record